OLIN MERCER v. THE STATE.

No. 6911. Decided May 17, 1922.

**Receiving Stolen Property—Insufficiency of the Evidence—Identity.**

Where, upon trial of receiving stolen property, the evidence was entirely circumstantial, and the identity of the stolen property was not sufficiently established, the conviction could not be sustained, and a new trial should have been granted for newly discovered evidence.

Appeal from the court of Ellis. Tried below before the Honorable F. L. Wilson.

Appeal from a conviction of receiving stolen property. Penalty, a fine of $100 and five days in the county jail.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for receiving stolen property,—a misdemeanor. The evidence is circumstantial.

J. F. Smith had purchased a new automobile casing. There were two numbers upon it; of one of these he took a memorandum. The number was "A6428-81." The casing was lying in a Ford car belonging to Smith. His son, together with Ralph Darnell and the appellant, got into the car and went to Mercer's barn and ate some watermelon. The car was left some 150 yards from the barn. When the parties returned to the car, the casing was missing.

On the trial of the case there was produced a new casing of the same size and make which had on it the number—"A6428-81." The other number had been filed off. Smith was unable to identify the tire further than to say that it was of the same description and that the number on it corresponded with that on the tire which he had bought. The casing which was produced upon the trial was found in the possession of the appellant. He explained his possession of it by the claim that he had obtained it from a negro in exchange for an older casing, paying therefor five dollars "boot." This account of appellant's possession of the tire which was before the jury was verified by another witness.

The State introduced in rebuttal the witness Young who claimed to have expert knowledge upon the identification of tires by the factory numbers, and in explaining the number "A6428-81," he said that it was a stock number and that the number after the dash—"81" would increase in the manufacture of tires by "81, 82, 83, and so on." He said on cross-examination, however, that he did not know whether "81" would appear on more than one tire or not; that it was the custom with reference to certain class of tires to erase the serial number.

In the motion for new trial, it is charged that appellant had learned since the trial that the number "A6428-81" was a mold number and appeared upon a great number of tires manufactured by the makers of the one in question; that the "81" identified the mold upon which the tire was made, and that in addition to that number, a serial number containing eight or nine figures appeared on the tires manufactured, and that this serial number indicated, among other things, the year and month of its manufacture, and as we understand the motion, the serial number would individualize each tire.

The evidence in the case was wholly circumstantial, and an element essential to sustain the conviction was the identity of the tire found

in appellant's possession with the stolen one. This identification being by the number alone and of questionable sufficiency, the newly discovered evidence was of such importance as should have impelled the trial court to grant a new trial.

Because of the denial of the motion for new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*